```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

CAMILLA COLLIER, individually,
as the Wrongful Death Heir and
Beneficiary of Brandon Diaz,
Deceased, as the Administratrix
of the Estate of Brandon Diaz,
Deceased                                                PLAINTIFF

VS.                      CIVIL ACTION NO. 5:12-cv-133(DCB)(MTP)

ADAMS COUNTY, MISSISSIPPI;
CHARLES R. "CHUCK" MAYFIELD, JR.,
Sheriff of Adams County, Mississippi,
in his individual and official capacities;
and UNKNOWN DEPUTY SHERIFFS JOHN DOES 1-10           DEFENDANTS


                  MEMORANDUM OPINION AND ORDER

    This cause is before the Court on the Plaintiff's motions **(docket entries 43, 44 and 45)** to strike the affidavits of Assistant Jail Administrator Gerald Cornwell, Jail Administrator Charles Harrigill, and Defendant Sheriff Charles R. ("Chuck") Mayfield, which affidavits are attached as exhibits to Defendant Mayfield's Rebuttal Memorandum.  Having carefully considered the Plaintiff's motions and the Defendant's responses, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

    Sheriff Mayfield filed a motion for summary judgment based on qualified immunity, and a memorandum brief in support thereof, to which a responsive brief was filed by the Plaintiff.  Sheriff Mayfield then filed a rebuttal brief, and in support thereof submitted the affidavits of Cornwell and Harrigill, as well as

his own. (Docket entry 42 and Exhibits L, M and N). The Plaintiff moves to strike each of the three affidavits, claiming they contain hearsay testimony and are not based on personal knowledge. The Plaintiff also objects on grounds that she was not given a chance to respond to the affidavits, and that the Defendant violated the Local Rules by submitting the affidavits along with the rebuttal.

## Local Rules

The Plaintiff claims the affidavits should be stricken because the Local Rules state that all affidavits supporting a motion for summary judgment are required to be submitted with the original motion and not with the rebuttal. However, this is a misstatement of the rules. Local Rule 7(b)(2) actually requires that all affidavits be filed as exhibits to any motion, response, or rebuttal to which they relate. Uniform Local Rule 7(b)(2). Sheriff Mayfield references the affidavits in his rebuttal, and attached the affidavits as exhibits. The affidavits relate to Sheriff Mayfield's rebuttal, and are in compliance with the Local Rules.

## Personal Knowledge

The Plaintiff claims that all three affidavits contain statements that are not based on personal knowledge. The Court finds, however, that the statements concern the procedure and policy at the Adams County Jail when an inmate needs a

2

prescription filled. The affiants are the sheriff and two administrators of the Adams County Jail, each of whom has personal knowledge of jail procedures and policies. Furthermore, the affiants swear in their affidavits that their statements are based on personal knowledge. See DIRECT TV, Inc. v. Budden, 420 F.3d 521, 530 (5th Cir. 2005)(noting that the Ninth Circuit has "found it proper in the summary judgment context for district courts to rely on affidavits where the affiants' 'personal knowledge and competence to testify are reasonably inferred from their positions and the nature of their participation in the matters which they swore.'")(quoting Barthelemy v. Air Lines Pilots Ass'n, 897 F.2d 999, 1018 (9th Cir. 1990)).

**Affidavit of Assistant Jail Administrator Cornwell**

The Plaintiff objects on grounds that Deputy Cornwell's affidavit contains inadmissible hearsay testimony; specifically, the statements "Newly hired jailers also received on-the-job training from more experienced jailers," and "These more experienced co-workers demonstrated the appropriate way to, among other things, handle sick calls, oral requests for medical care and obtain and administer prescription medication." (Docket entry 42-3, ¶3). Hearsay is "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed.R.Evid. 801. The

3

Plaintiff does not offer any argument in support of the claim that Deputy Cornwell's statements are hearsay. The Court finds they are not hearsay because the affiant is not offering an out of court statement, but simply his understanding of the policy and procedure that was in place for an inmate needing to refill prescription medication at the Adams County Jail.

The Plaintiff also claims that Deputy Cornwell's statement, "Sheriff Mayfield, Former Jail Administrator Harrigill and myself have made it very clear that Jailers must attend to inmates['] medical needs, including making sure that they receive prescribed medication," contains inadmissible hearsay testimony. (Docket entry 45, ¶4). Although this statement does technically contain hearsay testimony, the issue is moot because both Sheriff Mayfield and Deputy Harrigill have provided the same testimony in their own affidavits. See Robinson v. Mississippi, No. 2:07-cv-120(M)(A), 2008 WL 2954946 at *7 (N.D. Miss. July 29, 2008) (permitting hearsay testimony because the statement was established by direct testimony of others at trial). The Plaintiff's motion will therefore be denied as to Deputy Cornwell's affidavit.

**Affidavit of Sheriff Mayfield**

The Plaintiff also claims that paragraphs six through eleven of Sheriff Mayfield's affidavit contain inadmissible hearsay testimony, but she does not provide any argument to support this

4

claim.  The statements to which the Plaintiff objects pertain to the procedure and policy in place for refilling the medications of inmates.  The Plaintiff specifically objects to "statements as to what jailers and others told Sheriff Mayfield." (docket entry 44, ¶4); however, the statements in question only explain jail procedure; they do not offer out of court statements made by the jailers or others.  The Sheriff is simply explaining the process.  Therefore, the Court finds that the affidavit of Sheriff Mayfield does not contain hearsay evidence and the Plaintiff's motion to strike the affidavit will be denied.

### Affidavit of Jail Administrator Harrigill

The Plaintiff also claims that Deputy Harrigill's affidavit contains inadmissible hearsay statements.  To the extent that Deputy Harrigill is simply explaining the procedure of refilling medication in the Adams County Jail, the affidavit does not contain hearsay testimony.  In paragraph four of Harrigill's affidavit, he states, "Sheriff Mayfield also required jailers to complete the state certification process for corrections officers."  (Docket entry 42-1, ¶4).  The Plaintiff claims that this statement is hearsay; however, the issue is moot because Sheriff Mayfield has previously offered the same testimony.  See Robinson, 2008 WL 2954946 at *7 (permitting hearsay testimony because the statement was established by direct testimony of

5

others at trial). In paragraph five of his affidavit, Harrigill testifies as follows:

> Sheriff Mayfield, Assistant Jail Administrator Cornwell and myself all made it very clear that Jailers must attend to inmate['] medical needs, including making sure that inmates received prescribed medication. This includes medication prescribed by the Jail Nurse Practitioner and outside physicians.

(Docket entry 42-1, ¶5). Again, the statement is supported by the testimony of Deputy Cornwell and Sheriff Mayfield, rendering the issue moot. Id.

### Opportunity to Submit Surrebuttal

The Plaintiff notes in her motion to strike that she did not have an opportunity to respond to the affidavits, and claims that some statements in the affidavits conflict with deposition testimony of other witnesses. The Court shall therefore afford the Plaintiff the opportunity to respond to the Defendant's rebuttal memorandum within ten days from the filing of this Order.

Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's motion to strike the affidavit of Assistant Jail Administrator Cornwell **(docket entry 45)** is DENIED;

FURTHER ORDERED THAT Plaintiff's motion to strike the affidavit of Jail Administrator Harrigill **(docket entry 43)** is DENIED;

FURTHER ORDERED THAT Plaintiff's motion to strike the affidavit of Sheriff Mayfield **(docket entry 44)** is DENIED;

FURTHER ORDERED THAT the Plaintiff may file a surrebuttal to the Defendant's rebuttal brief and supplemental affidavits, within ten (10) days from the date of entry of this Memorandum Opinion and Order.

SO ORDERED, this the 9th day of June, 2014.

                                            /s/ David Bramlette
                                            UNITED STATES DISTRICT JUDGE